SEBASTIAN INTERNATIONAL, INC., Plaintiff-counter-defendant— Appellant,

v.

Vincenzo RUSSOLILLO, an individual; ART Packaging Inc., a Texas Corporation; Roberto Gigle, an individual; Roger Ladd, an individual; Damian Christopher Inc., a Florida Corporation; New Visions of N.Y., a New York Corporation; A. Douglas Jay, an individual; TSA Distributing Inc, a California Corporation; Ken Teepe, an individual; Trapeza Overseas Inc, a Florida Corporation; Jose I. Arguelles, an individual; Farshid Ben–Cohen, an individual; Phar–Mor Inc., a Pennsylvania Corporation; MED–X Corporation, an Oklahoma Corporation; Tom Thumb, a Texas Corporation; Randalls Food Market Inc., a Texas Corportaion; Nortex Drug Distributors Inc., a Texas Corporation; Dollars Spray Aerosols SRL, an association of unknown legal status; Superbox Aerosols SRL, an association of unknown legal status; Tosvar Aerosol SAS, an association of unknown legal status; Specchiasol SRL, an association of unknown legal status; Paolo Gioia, an individual; P. Francalancia, Dr., an individual; Feder FEV SRL, an association of unknown legal status; Rite Aid Corporation, a Delaware Corporation, aka Doe 1; CVS Corp, a Delaware Corporation, aka Doe 2; DC Wholesale, a business entity of unknown form; Harp's Food Stores, Inc., a Corporation of unknown domicile dba Pricecutters; C–Zors Beauty, a business entity of unknown form; Christina's Hair Design, a business entity of unknown form esa Cristina Hair Design; Mirage Beauty, a business entity of unknown form;, Defendants—Appellees,

Quality King Distributors Inc., a New York Corporation, Defendant-counter-claimant—Appellee.

Sebastian International, Inc., Plaintiff-counter-defendant—Appellant,

v.

Vincenzo Russolillo, an individual; ART Packaging Inc., a Texas Corporation; Roberto Gigle, an individual; Roger Ladd, an individual; Damian Christopher Inc., a Florida Corporation; New Visions of N.Y., a New York Corporation; A. Douglas Jay, an individual; TSA Distributing Inc, a California Corporation; Ken Teepe,

---

an individual; Trapeza Overseas Inc, a Florida Corporation; Jose I. Arguelles, an individual; Farshid Ben–Cohen, an individual; Phar–Mor Inc., a Pennsylvania Corporation; MED–X Corporation, an Oklahoma Corporation; Tom Thumb, a Texas Corporation; Randalls Food Market Inc., a Texas Corportaion; Nortex Drug Distributors Inc., a Texas Corporation; Dollars Spray Aerosols SRL, an association of unknown legal status; Superbox Aerosols SRL, an association of unknown legal status; Tosvar Aerosol SAS, an association of unknown legal status; Specchiasol SRL, an association of unknown legal status; Paolo Gioia, an individual; P. Francalancia, Dr., an individual; Feder FEV SRL, an association of unknown legal status; Rite Aid Corporation, a Delaware Corporation, aka Doe 1; CVS Corp, a Delaware Corporation, aka Doe 2; DC Wholesale, a business entity of unknown form; Harp's Food Stores, Inc., a Corporation of unknown domicile dba Pricecutters; C–Zors Beauty, a business entity of unknown form; Christina's Hair Design, a business entity of unknown form esa Cristina Hair Design; Mirage Beauty, a business entity of unknown form;, Defendants—Appellees,

Quality King Distributors Inc., a New York Corporation, Defendant-counter-claimant—Appellee.

Nos. 01–55484, 01–55488.
D.C. No. CV–00–03476–CRM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided Aug. 6, 2002.

Graber, Circuit Judge, concurred in part, dissented in part, and filed opinion.

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,[1] District Judge.

## MEMORANDUM

We review *de novo* [1] the dismissal under Fed.R.Civ.P. 12(b)(2) of Tosvar Aerosol and its owner, Paolo Gioia, from Sebastian International's lawsuit.

Where, as here, the district court receives only written submissions, the plaintiff need only make a prima facie case showing of jurisdiction to avoid the defendant's motion to dismiss. In determining whether [plaintiff] has met this burden, uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor.[2]

We apply this standard on appeal.

Sebastian did not meet its burden [3] of making "a prima facie showing of facts supporting jurisdiction." [4] Sebastian's allegations and declarations do not reasonably support the inference that Tosvar knew or reasonably should have known the counterfeits would be shipped to California. Tosvar filled cans in Italy manufactured by an Italian company, for an Italian company, and delivered the filled cans to an Italian transportation company for transport to an Italian port. The cryptic reference to "Miami" on the Italian transportation company's (not Sebastian's) shipping documents and to "the Americans" in the fax, the still more cryptic BATF license number on the cans, and the presence of Sebastian's California address and a "Made in the U.S.A." label on the cans do not adequately support the inference of knowledge that the cans would be sold into the California market. Because Sebastian has not established, even under a permissive standard, that Tosvar knew that the cans were shipped to the United States, it has not made a prima facie showing that Tosvars' acts were "expressly aimed at the forum." [5]

We reject Sebastian's remaining contention, that the district court should have ordered additional discovery before dismissing Tosvar, because Sebastian has

1. The Honorable Raner C. Collins, United States District Judge for Arizona, sitting by designation.

1. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir.2002); *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1019 (9th Cir.2002).

2. *Rio Properties* at 1019.

3. *Id.* at 1019.

4. *Glencore Grain*, 284 F.3d at 1119; *Rio Properties*, 284 F.3d at 1019.

5. *Rio Properties* at 1019–20 (citing *Calder v. Jones*, 465 U.S. 783, 788–89, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)).

not made "the clearest showing that denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant."[6]

■ Sebastian concedes that its appeal against Nortex Drug Distributors is stayed by that defendant's bankruptcy filing in the Northern District of Texas.[7] Although Nortex has not informed this Court of its bankruptcy filing, the "stay is self-executing, effective upon the filing of the bankruptcy petition."[8]

Sebastian's appeal against Nortex, case number 01–55484, is severed and **STAYED.** As to Sebastian's appeal against Tosvar Aerosol and Gioia, case number 01–55488, the district court is **AF-FIRMED.**

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur, of course, in the stay pertaining to Nortex while bankruptcy proceedings are pending, and I agree with the majority on the discovery ruling. However, I respectfully dissent with respect to personal jurisdiction over Tosvar.

Taking all inferences in the plaintiff's favor, as we must, Tosvar knew it was part of a counterfeiting conspiracy whose actions necessarily had a significant effect in California.

1. A reasonable inference from the FAX from Dollars Spray is that the counterfeit products were headed for the United States: " 'The Americans' will leave on Thursday, 30 September 1999."

2. Counterfeit cans were marked, falsely, "Made in the USA" and marked with Sebastian's Woodland Hills, California, address.

3. The products intentionally were shipped to and distributed throughout the United States, including California, and Tosvar knew that Sebastian's headquarters was in California. Tosvar thus knew that trademark infringement had its greatest effect in California.

4. The cans showed a California license number and a California manufacturing plant number, which plainly were false, because Tosvar did not operate under a California license and did not have a manufacturing plant in California.

Accordingly, I would hold that the district court had jurisdiction, and I would reverse as to Tosvar for further proceedings.

6. *See Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Investment, Inc.,* 788 F.2d 535, 540 (9th Cir.1986) (internal quotations and citations omitted).

7. *See* 11 U.S.C. 362(a); *Parker v. Bain,* 68 F.3d 1131, 1136 (9th Cir.1995) ("This Court ... has concluded that the automatic stay can

operate to prevent an appeal by a debtor when the action or proceeding below was against the debtor."); *Ingersoll–Rand Financial Corp. v. Miller Mining Co.,* 817 F.2d 1424, 1426 (9th Cir.1987).

8. *In re Pettit,* 217 F.3d 1072, 1077 (9th Cir. 2000).